UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR LAW,<br><br>                                    Plaintiff,<br><br>v.<br><br>TEAMSTERS LOCAL UNION 683;<br>TODD MENDEZ; FRANK SEVILLA;<br>THE PASHA GROUP, a California<br>corporation; TRANSDEV SERVICES., a<br>Maryland corporation,<br><br>                                    Defendants. | Case No.:  18-CV-2680-GPC-MDD<br><br>**ORDER GRANTING APPLICATION<br>TO PROCEED IFP AND<br>CONDUCTING SUA SPONTE<br>SCREENING**<br><br>**[ECF No. 3.]** |

Plaintiff Victor Law, an individual proceeding *pro se*, filed a complaint against his former union, Teamsters Local 683 (the "Union"), two Union officers, his former employer, the Pasha Group, and Transdev Services, a corporation subject to a collective bargaining agreement with the Union.  (ECF No. 1.)  Earlier this year, Plaintiff was nominated to run for union office as Vice President, on a slate opposed to the current Union leadership.   Plaintiff alleges that after he campaigned at a trolley stop operated by Transdev on October 29, 2018, Transdev, the two Union officers, and the Pasha Group conspired together to retaliate against Plaintiff by unlawfully surveilling him.  Plaintiff

1  further asserts that he was terminated on November 13, 2018 by the Pasha Group for

2  engaging in activity protected under the Union Member's Bill of Rights, 29 U.S.C. § 411.

3  Plaintiff comes before the Court, alleging various causes of action against the

4  defendants, including violations of the National Labor Relations Act, a breach of the duty

5  of fair representation, tortious interference with contract, and intentional infliction of

6  emotional distress.   Before any further action can take place in this case, however, the

7  Court must address Plaintiff's application to proceed in forma pauperis (IFP).  (ECF No.

8  3.)

9  **Application to Proceed IFP**

10  All parties instituting any civil action, suit, or proceeding in a district court of the

11  United States, except an application for writ of habeas corpus, must pay a filing fee of

12  $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to

13  prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a).  *See*

14  *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d

15  1176, 1177 (9th Cir. 1999).  The plaintiff must submit an affidavit demonstrating his

16  inability to pay the filing fee, and the affidavit must include a complete statement of the

17  plaintiff's assets.  28 U.S.C. § 1915(a)(1).  When a plaintiff moves to proceed IFP, the

18  court first "grants or denies IFP status based on the plaintiff's financial resources alone

19  and then independently determines whether to dismiss the complaint" pursuant to 28

20  U.S.C. § 1915(e)(2).  *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

21  Plaintiff has filed an affidavit detailing his financial situation.  (ECF No. 4.)

22  Plaintiff explains therein that he maintains a banking account with a $4,000 balance, but

23  has monthly expenses of approximately $3,470, and that he is the sole provider for his

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

18-CV-2680-MDD

teenage daughter.  Although ostensibly Plaintiff would be able to pay the $350 filing fee based on simple arithmetic, the Court appreciates that Plaintiff has been terminated from his job, the propriety of which is at the heart of his lawsuit, and will likely not be with means to cover his future monthly expenses if a filing fee is required.

While the Court "may deny IFP status to an applicant who can pay the filing fee with acceptable sacrifice to other expenses," *Foreman v. Freedman*, No. 11-CV-1187-MMA (RBB), 2012 WL 12931999, at *1 (S.D. Cal. Jan. 24, 2012), the Court does not believe that Plaintiff is such an applicant.  Accordingly, the Court will **GRANT** Plaintiff's Application to Proceed IFP pursuant to 28 U.S.C. § 1915(a).[1]  (ECF No. 3.)

### *Sua Sponte* Screening

When a plaintiff proceeds in forma pauperis, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").  "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  In addition, the Court has a duty to liberally construe a pro se's pleadings.  *Id*.  In giving liberal interpretation to a pro se complaint, however, the court may not "supply essential elements of claims that were not initially pled."  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds Plaintiffs' allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2).  Accordingly, the Court finds

---

[1] Plaintiff is reminded, however, that IFP status may be lost and acquired during the course of litigation, and that the present order might be effected if Plaintiff secures new employment. *See Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S–06–0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009).

18-CV-2680-MDD

Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. PROC. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

The Clerk **shall issue** a summons for Defendants, provide Plaintiff with a certified copy of both this Order and his complaint (ECF No. 1), and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each of the named Defendants. Plaintiff shall complete the Form 285s and forward them to the United States Marshal within a reasonable amount of time such that the U.S. Marshal can timely serve the Defendants within the 120 days provided by FED. R. CIV. P. 4(m). The U.S. Marshal **shall**, after receiving Plaintiff's completed Form 285s, **serve** a copy of the complaint, as directed by Plaintiff on each U.S. Marshal Form 285. All costs of service shall be advanced by the United States. See 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(2).

**IT IS SO ORDERED.**

Dated: December 12, 2018

Hon. Gonzalo P. Curiel
United States District Judge